IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND A. LAWS,

      Plaintiff,                          No. 2: 12-cv-0248 KJN P

     vs.

DAVID HOLLISTER,

      Defendant.                     <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The only named defendant is Plumas County District Attorney David Hollister. Plaintiff alleges that defendant Hollister "used threats, duress and coercion to obtain an illegal plea bargain." (Dkt. 1 at 3.)  As relief, plaintiff seeks money damages.  (Id.)

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process."  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)).  Immunity extends to the plea bargaining process.  Briley v. California, 564 F.2d 849, 856 (9th Cir. 1977).

Defendant Hollister is absolutely immune from liability for damages because plaintiff's claims against him concern the plea bargaining process.  For this reason, the complaint is dismissed.  In an abundance of caution, plaintiff is granted leave to file an amended complaint, although it is unlikely that he can cure the pleading defects discussed above.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

1  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

2  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

3  268 (9th Cir. 1982).

4        In addition, plaintiff is hereby informed that the court cannot refer to a prior

5  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

6  an amended complaint be complete in itself without reference to any prior pleading.  This

7  requirement exists because, as a general rule, an amended complaint supersedes the original

8  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

9  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

10  amended complaint, as in an original complaint, each claim and the involvement of each

11  defendant must be sufficiently alleged.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17  Director of the California Department of Corrections and Rehabilitation filed concurrently

18  herewith.

19        3.  Plaintiff's complaint is dismissed.

20        4.  Within thirty days from the date of this order, plaintiff shall complete the

21  attached Notice of Amendment and submit the following documents to the court:

22        a.  The completed Notice of Amendment; and

23        b.  An original and one copy of the Amended Complaint.

24  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

25  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

26  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

law248.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND A. LAWS,

    Plaintiff,                              No. 2: 12-cv-0248 KJN P

    vs.

DAVID HOLLISTER,                        NOTICE OF AMENDMENT

    Defendant.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____        Amended Complaint

DATED:

                                              _____
                                              Plaintiff